# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| **In re:** | |
| **Brian Benavides** | **Case No.: 16-08648** |
| | **Chapter 13** |
| **Debtor.** | **Judge Bruce W. Black** |
| | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |

## OBJECTION TO CONFIRMATION OF PLAN (DOCKET NUMBER 2)

Now comes M&T Bank Successor by Merger to Hudson City Savings Bank, FSB ("Creditor"), by and through its mortgage servicing agent Bank of America, N.A., by and through its attorneys, Manley Deas Kochalski LLC, and objects to confirmation of the Chapter 13 plan of Brian Benavides ("Debtor"). For the reasons which follow, confirmation should be denied.

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334 and venue is fixed in this Court pursuant to 28 U.S.C. Section 1409.

2. On March 14, 2016, Debtor filed a petition ("Petition Date") under Chapter 13 of Title of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois.

3. Creditor is secured by a first mortgage lien upon the Debtor's real property commonly known as 22544 Crimson Lane, Frankfort, IL 60423 ("Property"). The Property is the Debtor's principal residence.

16-007466_SEN

**MEMORANDUM IN SUPPORT OF OBJECTION**

Pursuant to § 1322(b)(2) of the Bankruptcy Code and the United States Supreme Court's holding in *Nobleman v. American Savings Bank (In re Nobleman)*, 508 U.S. 324 (1993), the Debtor cannot modify the rights of a holder of a secured claim secured by an "interest in real property that is the debtor's principal residence." 11 U.S.C.A. § 1322(b)(2). As of the Petition Date, Movant's claim was fully secured. Moreover, this collateral is the Debtor's principal residence.

Debtor's Chapter 13 Plan includes language which states "Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; **to deem the prepetition arrearages as contractually cured by confirmation**;…". Creditor objects to the bolded section of the language, as confirmation does not contractually cure arrears. The confirmation only ratifies the plan as feasible. Only the payment in full of the arrears over the term of the plan and/or the final cure process can determine if the arrears are cured.

Additionally, the Debtor's Chapter 13 Plan also provides for an inadequate ongoing mortgage payment. The ongoing mortgage payment provided for in the Chapter 13 Plan is $4,400.00 and the amount that Creditor has calculated, including the escrow portion, is $4,457.08.

Accordingly, Debtor cannot make the proposed modifications to Movant's mortgage pursuant to § 1322(b)(2).

WHEREFORE, Movant respectfully requests the Court to deny confirmation of the Debtor's proposed Chapter 13 Plan.

16-007466_SEN

Respectfully submitted,

/s/ Todd J. Ruchman

Todd J. Ruchman (6271827)
Adam B. Hall (0088234)
Edward H. Cahill (0088985)
Keith Levy (6279243)
Sarah E. Willms (28840-64)
Edward R. Peterka (6220416)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
614-220-5611; Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Todd J. Ruchman.
Contact email is tjruchman@manleydeas.com

16-007466_SEN

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Objection to Confirmation was served on the parties listed below via e-mail notification:

U.S. Trustee, Patrick S. Layng, Office of the United States Trustee, Region 11, 219 S. Dearborn Street, Room 873, Chicago, IL 60604

Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, IL  60532

The below listed parties were served via regular U.S. Mail, postage prepaid, on May 2, 2016:

Brian Benavides, 22544 Crimson Lane, Frankfort, IL 60423

/s/ Todd J. Ruchman

16-007466_SEN